IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| TRENTON LEE BEAVER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 3:12-CV-115 (CDL) |
| | : | |
| JOE CHAPMAN, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is a Motion to Dismiss Complaint filed by Defendants Joe Chapman, Wade Harris, and Deborah Atkinson. Doc. 17. Defendants contend that Plaintiff Trenton Lee Beaver's Complaint must be dismissed pursuant to the Prison Litigation Reform Act (PLRA) because Plaintiff fails to allege a physical injury. Because Plaintiff has failed to allege that he suffered a physical injury as a result of the alleged constitutional violations, his claims for compensatory and punitive damages must be dismissed. Plaintiff, however, may recover nominal damages absent a showing of a physical injury. Accordingly, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss Complaint be **GRANTED** in part and **DENIED** in part.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 3, 2012, Plaintiff Trenton Lee Beaver filed his Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants Joe Chapman, Wade Harris, and Deborah Atkinson violated his constitutional right to due process by placing and holding Plaintiff in administrative segregation at the Walton County Jail. Doc. 1. Plaintiff alleges that prison officials placed him in administrative segregation involuntarily due only to the severity of the unproven charges against him and that he has remained in administrative segregation since his arrest in March of 2011. Id.

Plaintiff alleges that because Defendants placed him in administrative segregation, he is held on 23-hour "lock-down." Id.; Doc. 8. Plaintiff contends that he was placed in administrative segregation for punitive purposes, without any hearing before or after his placement. Doc. 1. Plaintiff also complains that he was given a red band to wear when he arrived at the jail to indicate his classification level and that he has already been identified as a sex offender to the general jail population. Doc. 8. Plaintiff requests monetary damages for his mental and physical suffering, as well as "any further relief deemed just under the circumstances." Doc. 1.

Following a frivolity review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff's claims against Defendants were allowed to proceed. Doc. 9. On February 13, 2013, Defendants filed the instant Motion to Dismiss Complaint. Doc. 17. After Plaintiff failed to respond to Defendants' motion, the Court issued two show cause orders. Docs. 19, 20. On May 1, 2013, Plaintiff filed a response. Doc. 21.

## DISCUSSION

Defendants contend that Plaintiff's Complaint must be dismissed because Plaintiff fails to allege a physical injury. Because Plaintiff has failed to meet the physical injury requirement of the PLRA, he may not recover compensatory or punitive damages in this case. Plaintiff has also requested "any further relief deemed just under the circumstances." Because the physical injury requirement of the PLRA does not preclude nominal damages, Plaintiff's claims for nominal damages may proceed.

Pursuant to the PLRA, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).[1] The physical injury requirement is "a limitation on recovery only…." Harris v. Garner, 190 F.3d 1279, 1288 (11th

---

[1] Although Plaintiff is a pre-trial detainee, he is subject to the PLRA. See 42 U.S.C. § 1997(h).

Cir. 1999), opinion vacated by 197 F.3d 1059 (11th Cir. 1999), opinion reinstated in relevant part by 216 F.3d 970 (11th Cir. 2000). A prisoner may not recover compensatory or punitive damages for emotional suffering absent the showing of a prior physical injury. Al-Amin v. Smith, 637 F.3d 1192, 1196 (11th Cir. 2011); Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003). A plaintiff, however, may recover nominal damages "if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." Hughes, 350 F.3d at 1162.

In this case, Plaintiff has failed to allege a sufficient physical injury to recover compensatory or punitive damages. Although, Plaintiff alleges some physical pain due to the rigors of administrative segregation, such claims are not sufficient to show a physical injury. See Quilan v. Personal Transportation Services, Co., 329 Fed. Appx. 246 (11th Cir. 2009); Powell v. Harrison, 2010 WL 331922 (S.D.Ga. 2010). Accordingly, Plaintiff's claims for compensatory and punitive damages must be dismissed.

Plaintiff's claims for nominal damages may proceed. In addition to monetary damages for his suffering, Plaintiff requests "any further relief deemed just under the circumstances." The Eleventh Circuit has found that such a request amounts to a request for nominal damages. Boxer X v. Donald, 169 Fed. Appx. 555, 559 (11th Cir. 2006). Accordingly, the Court construes Plaintiff's request as a request for nominal damages. Because Plaintiff has alleged a violation of his fundamental constitutional right to due process, his claims for nominal damages may proceed.

## CONCLUSION

Because Plaintiff has failed to allege that he suffered a physical injury as a result of the alleged constitutional violations, his claims for compensatory and punitive damages must be

dismissed. Plaintiff, however, may recover nominal damages absent a showing of a physical injury. As such, Plaintiff's claims for nominal damages shall proceed. Accordingly, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss Complaint be **GRANTED** in part and **DENIED** in part. Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 2nd day of July, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge